**Eleanor S. KNOWLES, Appellant,**

v.

**Kenneth L. KNOWLES, Appellee.**

**No. 12–90–00031–CV.**

Court of Appeals of Texas, Tyler.

June 14, 1991.

---

Samuel George, Tyler, for appellant.

T.J. Baynham, Jr., Tyler, for appellee.

Before RAMEY, C.J., and COLLEY and BILL BASS, JJ.

COLLEY, Justice.

On July 7, 1986, plaintiff/appellant Eleanor S. Knowles filed a partition suit against her former spouse, defendant/appellee Kenneth L. Knowles, for a division of appellee's military retirement pay benefits as authorized by 10 U.S.C.A. § 1408. The suit went to trial before the court on September 27, 1989. The trial court, finding that appellee's military retirement benefits had been awarded to appellee by a decree of divorce signed and rendered in 1975 by the 150th Judicial District Court of Bexar County, Texas, in its cause number 74–CI–3143 (plaintiff's exhibit 2), signed a take-nothing judgment against appellant on October 17, 1989.

Appellant presents two points of error, claiming that the court erred in concluding that the military retirement benefits accrued to appellant constituted community property at the time of the parties' 1975 divorce proceedings and in concluding that the benefits were awarded to appellee under the terms of the 1975 decree.

On November 5, 1990, while this case was on appeal, the Congress of the United States amended subsection (c)(1) of 10 U.S.C.A. § 1408 to read in part:

A [state] court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce ... affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

Section 555(e) of Public Law 101–510 provides that the amendment to subsection (c)(1) of section 1408 is applicable to "judgments issued before, on, or after the date of the enactment [Nov. 5, 1990]." See 10 U.S.C.A. § 1408, Historical and Statutory Notes (West Supp.1991). Thus, the amendment applies retroactively to the divorce decrees at issue.

This record reveals that the parties were twice married and twice divorced. The first divorce was granted by the Court of Domestic Relations in and for Smith County, Texas, on April 3, 1972. It is undisputed that the 1972 decree did not purport to partition the military benefits at a time when, in part, they constituted community property between the parties. Hence under the 1990 amendment to section 1408, appellant is precluded from claiming any part of appellee's military retirement benefits accrued at the time of that decree.

■ Appellant's main argument under her points of error is that, upon the rendition of the 1972 divorce decree, the parties became tenants in common of the military benefits, each holding a separate property interest therein. We agree. Busby v. Busby, 457 S.W.2d 551, 554–55 (Tex.1970); Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102, 104 (1942). Based on that legal propo-

sition, appellant argues that the Bexar County Court had no "authority" to partition the parties' separate property interest in the military benefits and, in fact, did not do so.

Under one of appellant's arguments, if the 1975 divorce decree is construed, albeit erroneously, to award her separate property interest in the military benefits to the appellee, the trial court's judgment must be affirmed under the doctrine of res judicata. Under another of appellant's arguments, if the 1975 decree is construed not to award appellant's interest in the military benefits to appellee, appellant's claim must fail because of the limitation placed on section 1408 by the 1990 amendment.

Nevertheless, we have carefully reviewed the 1975 divorce decree. That decree reads in pertinent part as follows, to wit:

> The Court finds that the parties have entered into an agreement for the division of their *community property.* Both parties have asked the court to approve the agreement which the court finds to be fair and reasonable.
>
> IT IS THEREFORE ORDERED that the *community property owned by the parties* shall be divided as follows:
>
> Petitioner [our appellee] is awarded the following property: All property presently in the possession of Petitioner and all insurance policies, *pension rights or other benefits paid for, in the name of or accruing to Petitioner other than those specifically awarded to Respondent [our appellant]....*
>
> (Emphasis ours.)

■ The 1975 decree, taken as a whole, is unambiguous. Hence, it is our duty to declare the effect of that judgment according to the literal meaning of the plain language used therein. *Magnolia Petroleum Co. v. Caswell,* 1 S.W.2d 597, 599 (Tex. Comm'n App.1928, judgm't adopted); *Keton v. Clark,* 67 S.W.2d 437, 439 (Tex.Civ. App.–Waco 1933, writ ref'd); *Adams v. Adams,* 214 S.W.2d 856, 857 (Tex.Civ.App.– Waco 1948, writ ref'd n.r.e.). We, therefore, conclude that the 1975 decree of the Bexar County District Court did not make

any award of either party's *separate property interest* in the military retirement benefits of appellee. However, the 1975 decree clearly awarded appellant's community property interest in appellee's retirement benefits to appellee. Hence, the interest that appellant acquired therein during the period of time from the date of the second marriage, November 10, 1972, to the date of the second divorce, January 30, 1975, a period of 26.3 months, was clearly awarded to appellee.

■ Appellant further argues that we should construe section 1408, as amended in 1990, to permit her recovery of her proper share of appellee's military retirement benefits *accruing after* June 25, 1981. In order to so construe the statute, we would be required to ignore the plain and unambiguous language thereof, providing that, if a divorce decree *"(A) was issued before June 25, 1981,* and (B) did not treat (or reserve jurisdiction to treat) *any amount of retired pay ..."* then the state court may not *"divide or partition any amount of retired pay of a member...."* We decline to do so.

Since the preemptive nature of section 1408 now precludes any court from awarding appellant *any part* of appellee's military retirement benefits, we overrule appellant's points of error and affirm the judgment.