618 So.2d 1303 (1993)
Ann Sophia HOLLYFIELD
v.
William Ray HOLLYFIELD.
No. 91-CA-1201.
Supreme Court of Mississippi.
May 20, 1993.
David P. Oliver, Gulfport, for appellant.
*1304 Henry P. Pate, III, Pascagoula, for appellee.
Before PRATHER, P.J., and SULLIVAN and ROBERTS, JJ.
PRATHER, Presiding Justice, for the court:
This is a domestic relations case where an ex-wife, long since divorced from her former husband, belatedly seeks to take a bite out of his military retirement pay. The chancellor, following a bench trial, concluded the wife was not entitled to any portion of her former husband's military pension.
This appeal involves an interstate contest over an ex-wife's rights in her former husband's military retirement pension. Specifically, this Court is called upon to determine whether or not § 1408(c)(1) of the Federal Uniformed Services Former Spouses' Protection Act is retroactive to the Hollyfields' Florida divorce which was granted prior to June 25, 1981. After a careful review of legislative history and congressional intent, we conclude it is not and affirm the chancellor's decision dismissing Ann's complaint.
William and Ann were married on March 13, 1951, in Macon, Noxubee County, Mississippi. William served in the United States Army and the United States Air Force from October, 1939, until his retirement at age 62 on November 1, 1963, after over twenty-three (23) years of active duty service that encompassed assignments both stateside and abroad.
The parties were divorced in the State of Florida by a final judgment of dissolution of marriage entered on August 16, 1979, by the Circuit Court in and for Orange County, Florida. The judgment awarded Ann fee simple ownership of the couple's marital home in Orange County, together with all personal property contained therein. William received no marital assets. His military pension and/or retired pay was not mentioned in the judgment.
On August 4, 1989, nearly ten (10) years after the final judgment of divorce, Ann filed a complaint in the Chancery Court of Jackson County, Mississippi, seeking a judgment against William "... for a proportion of his [military] retirement which may be made available through the former spouse protection act Title 10, USCS, Section 1408 ..." [Emphasis supplied]. Ann did not seek enforcement of relief awarded by the State of Florida; rather, she sought, in a Mississippi court, modification of the judgment of divorce awarded to her in Florida. The unmistakable target was William's retirement pay.
On October 3, 1991, the chancellor issued an opinion declining to modify the Florida judgment because the Florida court's reservation of jurisdiction regarding alimony "does not necessarily carry to a foreign jurisdiction and nothing was here presented by testimony, evidence, or authorities to convince the Court otherwise." After giving consideration to the Federal Uniformed Services Former Spouses' Protection Act and, in particular, to this Court's decision in Newman v. Newman, 558 So.2d 821 (Miss. 1990), and applying the facts as developed to the laws of Mississippi, the chancellor found "it would not be proper for the Court to award the Plaintiff any of the Defendant's military retirement benefits."
Ann contends the Chancellor committed manifest error in not awarding her a portion of William's retirement pay pursuant to the provisions of the Federal Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (1982).
The Act, passed on September 8, 1982, effective February 1, 1983, is one of limited retroactivity. § 1408(c)(1) reads as follows:
(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
Any doubts about the limited retroactivity of § 1408(c)(1) were resolved on November 5, 1990, when the United States Congress amended subsection (c)(1) and made *1305 explicit that which had formerly been implicit. Section 1408(c)(1), as amended by the National Defense Authorization Act for Fiscal Year 1991, § 555(a), Public Law 101-510, reads as follows:

(c) Authority for court to treat retired pay as property of the member and spouse. (1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

The Hollyfields' divorce became final on August 16, 1979. The divorce decree is silent as to William Hollyfield's military pension. It is clear the congressional intent was to limit retroactivity of the Act to divorces that became final on or after June 25, 1981, especially where, as here, the final decree neither treated, nor reserved jurisdiction to treat, the member's retired pay as property of the member and member's spouse or former spouse.
This Court declines to give retrospective application to § 1408(c)(1) of the federal Uniform Services Former Spouses' Protection Act beyond the limited retroactivity specified in the Act itself. This means that in Mississippi the Act, which permits state courts to deal with military pensions as they see fit, will not be applied retrospectively to pre-McCarty divorces that became final prior to June 25, 1981, unless the final decree of divorce, including a court-ordered, ratified, or approved property settlement incident to such decree either treats, or reserves jurisdiction to treat, any amount of retired pay of the member as marital property.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, ROBERTS and SMITH, JJ., concur.