Sarah Renae M. WALTON, Appellant,

v.

Billy L. LEE, Appellee.

No. 09–93–018 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 22, 1994.

Decided Dec. 1, 1994.

W. Briscoe Swan, Bellaire, Jack Lawrence, Beaumont, for appellant.

John L. Oxley, Madisonville, for appellee.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

**OPINION**

BURGESS, Justice.

Sarah Renae M. Walton filed a suit to partition military retirement benefits which were not divided in her 1976 divorce from Billy L. Lee. Lee moved for summary judgment on the grounds that as a matter of law the court could not partition military benefits if the divorce decree was issued before June 25, 1981, and failed to treat the benefits in the initial decree. The court granted Lee's motion and entered a summary judgment from which Walton appeals with two points of error.

■ Point of error one contends the trial court erred in granting summary judgment. The pertinent dates are:

| | |
|---|---|
| January 7, 1959 | Lee enlists in Air Force |
| August 3, 1961 | Lee and Walton wed |
| November 4, 1976 | Lee and Walton divorce |
| December 15, 1976 | *Cearley v. Cearley* [1] decided |
| June 26, 1981 | *McCarty v. McCarty* [2] decided |
| July 31, 1981 | Lee retires from Air Force |
| February 1, 1983 | 10 U.S.C. § 1408 (1983) [3] ("USFSPA") effective |
| November 5, 1990 | 10 U.S.C. § 1408(c)(1) (Supp.1994) enacted |
| January 21, 1992 | Walton files partition suit |

In *Cearley,* the Texas Supreme Court settled a split of authority between the Courts of Appeals by holding that unvested military retirement benefits constituted a contingent interest in property and a community interest subject to division upon divorce. In *McCarty,* the United States Supreme Court held that military retirement benefits were a personal entitlement to which the state courts could not apply community property laws. Congress legislatively overruled *McCarty* by enacting 10 U.S.C. § 1408, which provided: "Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member

or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." Congress amended this section in 1990, adding the following:

A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.

■ Upon entry of a divorce decree the former spouses hold any undivided community property as tenants in common. *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970). In cases where the divorce decree was entered prior to November 1, 1987,[4] the commonly held property is divisible through suit for partition governed by the rules applicable to civil cases generally. *Templet v. Templet,* 728 S.W.2d 844 (Tex.App.—Beaumont 1987, no writ). We hold that under Texas law the courts automatically "treat (or reserve jurisdiction to treat) any amount of retired pay of the member" by virtue of the laws governing ownership of undivided property, and subsequent partition is not precluded by federal law. We are aware that a similar argument was addressed and rejected in *Knowles v. Knowles,* 811 S.W.2d 709 (Tex.App.—Tyler 1991, no writ). Point of error one is sustained. We decline to address the constitutional error presented by point of error two. We reverse the judgment and remand this cause to the trial court.

REVERSED AND REMANDED.

1.  544 S.W.2d 661 (Tex.1976).

2.  453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

3.  The Uniformed Services Former Spouses Protection Act.

4.  The effective date of TEX.FAM.CODE ANN. §§ 3.90–3.92 (Vernon 1993).

WALKER, Chief Justice, dissenting.

The majority opinion is inapposite to 10 U.S.C.A. § 1408(c)(1). Our appellee and appellant were divorced prior to June 25, 1981 (November 4, 1976). The United States Congress said "A court *may not treat* retired pay as property *in any proceeding to divide or partition any amount of retired pay of a member* as the property of the member *and* the member's spouse or former spouse *if a final decree of divorce, dissolution, annulment, or legal separation* (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse *(A) was issued before June 25, 1981,* and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse." (emphasis mine).

Our trial court did not "treat" (or reserve jurisdiction to treat) the military retirement subject matter. To hold that Texas Courts do so automatically, is a fiction which flies in the face of the preemptive nature of Section 1408(c)(1). *See Knowles v. Knowles,* 811 S.W.2d 709 (Tex.App.—Tyler 1991, no writ). Thus, I respectfully file this dissent.