John ARRINGTON, et ux.,

v.

Honorable Jim MATTOX, Attorney
General of Texas, on Behalf of
the People of Texas.

No. 3–88–086–CV.

Court of Appeals of Texas,
Austin.

March 29, 1989.

Karen A. Lerner, Austin, for appellants.

Jim Mattox, Atty. Gen., Ken Cross, Linda
B. Secord, Asst. Attys. Gen., Austin, for
appellee.

Before SHANNON, C.J., and
CARROLL and ABOUSSIE, JJ.

ABOUSSIE, Justice.

Appellants John and Dorothy Arrington
appeal the granting of a summary judg-
ment by a district court of Travis County in
an "open beaches" suit. *See* Tex.Nat.Res.
Code Ann. §§ 61.001–61.025 (1978 & Supp.
1989) (the Open Beaches Act). The judg-
ment prohibits appellants from interfering
with the public's right of free access over
the beach adjacent to their property which
is seaward of the natural vegetation line.
We will affirm the judgment.

Appellants own a lot and home facing the
Gulf of Mexico in the Bermuda Beach sub-
division on West Beach, Galveston Island,
Texas. In August 1983, Hurricane Alicia
struck the Texas coast and moved the vege-
tation line to a point landward of appel-
lants' property. Appellants then built a
wooden bulkhead or retaining wall on the
beach in front of their home. They erected
a chain link fence and locked gate on top of
the wall and placed sand fill on either side
of it. On the seaward side of the wall, they
placed pieces of concrete, vegetation, a
wooden boardwalk, and numerous Christ-
mas trees. Appellants admit that they
could not have constructed these improve-
ments on the seaward side of the vegeta-
tion line as it existed before the hurricane.

The Attorney General filed suit on behalf
of the public pursuant to the Open Beaches
Act. He alleged that a public easement
and right of use existed on the seaward
side of the natural vegetation line across
appellants' property, and that appellants
had encroached upon that right of use by
placing structures and objects on the ease-
ment.

The district court granted the Attorney
General's motion for summary judgment
and concluded that:

(1) The public has acquired through pre-
scription, dedication and custom a right
of use or easement to, upon, across and
over that portion of the above-described
property that is situated and that may
come by natural processes to be situated
between the line of mean low tide and
the natural line of vegetation spreading
continuously inland. The area between
these two natural boundaries is the

beach as defined at common law and in Tex.Nat.Res.Code §§ 61.001–61.025.

(2) This public right of use or easement lies seaward of the natural line of vegetation and is for the free and unrestricted right of passage on and over the beach to and from the waters of the Gulf of Mexico and for travel as a public way parallel to the Gulf waters, and for free and unrestricted lawful use and enjoyment for swimming, fishing, boating, camping, beachcombing, and similar recreational activities.

(3) This public right of use or easement migrates and moves landward or seaward with the natural movements of the natural line of vegetation and the line of mean low tide. This easement adheres at all times to the shore and follows the line of mean low tide and the natural line of vegetation where ever those two lines may be located by the natural processes at any given time.

The court further found that appellants caused "obstructions, barriers, restraints, and interferences in the public beach easement recognized by this judgment, contrary to the common law right of the public" and to Tex.Nat.Res.Code Ann. § 61.018. The court ordered removal of the items placed on the easement, enjoined further activity which restrains or interferes with the public's right to access to and use of the beach area, fined appellants fifty dollars, and ordered them to pay court costs. Finally, the court denied appellants' claims alleging selective enforcement and seeking compensation for the State's unconstitutional taking of their property.

In their sole point of error, appellants complain that the trial court erred in holding that their property was not unconstitutionally taken without compensation. This Court addressed such a claim in *Matcha v. Mattox on Behalf of the People of Texas*, 711 S.W.2d 95 (Tex.App.1986, writ ref'd n.r.e.), *cert. denied*, 481 U.S. 1024, 107 S.Ct. 1911, 95 L.Ed.2d 517 (1987). In *Matcha*, we held that the landowner's complaint that the "imposition" of an easement upon his property under the Open Beaches Act effected an unconstitutional taking

was without merit. The public acquires its easements, not by virtue of the Open Beaches Act, but through prescription, dedication, and custom. This Court recognized and affirmed the public's existing easement across the landowner's property acquired by custom.

Other courts have affirmed the public's right in similar cases, on the basis of implied dedication, *Feinman v. State*, 717 S.W.2d 106 (Tex.App.1986, writ ref'd n.r.e.), or prescription, *Seaway Co. v. Attorney General*, 375 S.W.2d 923 (Tex.Civ.App. 1964, writ ref'd n.r.e.). These holdings recognize the fundamental distinction between a governmental taking of an easement through an act of sovereignty and judicial recognition of a common law easement acquired through historical public use. The Open Beaches Act does not empower the Attorney General to take rights from an owner of land, but merely furnishes a means for the public to enforce its existing collective rights. *Seaway Co.*, 375 S.W.2d at 930.

Appellants claim *Nollan v. California Coastal Commission*, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), establishes that the judgment in this case is an unconstitutional taking. The Nollans were refused a permit to build a new house on their beachfront property in California unless they granted an easement to the public on the land between the historic mean high tide mark which bounded their property and their seawall. The United States Supreme Court found that this scheme constituted a taking and ordered that the Nollans be compensated. The California Coastal Commission sought to *establish* an easement across land belonging to the Nollans in exchange for the permit where no easement had previously existed, unlike the present case, where the court merely *enforced* an already existing public easement established by custom, prescription, or public dedication.

Appellants further claim that the easement is a "regulatory taking," relying on *First English Evangelical Lutheran Church of Glendale v. Los Angeles County*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d

250 (1987). In *First English,* a county implemented a flood plain ordinance which prohibited a church camp from rebuilding structures destroyed by a flood. The question before the Court was whether the "temporary" regulatory taking of property (between the time of the imposition of the ordinance and the invalidation of the ordinance as unconstitutional) would entitle the landowners to damages. No public easement was involved, and the Court never reached the issue whether the ordinance was an unconstitutional taking. Appellants' reliance on *Nollan* and *First English* is misplaced. We overrule appellants' point of error.

The judgment of the trial court is affirmed.