John M. **ARRINGTON** and Dorothy J. Arrington, Appellants,

v.

**TEXAS GENERAL LAND OFFICE**
and City of Galveston,
Appellees.

No. 14–00–00290–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 1, 2001.

---

Betrand C. Moser, Houston, for appellants.

John Eckel, George W. Vie, Galveston, Sherry L. Peel, Austin, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and EDELMAN.

## OPINION

EDELMAN, Justice.

In this public beach easement dispute, John M. Arrington and Dorothy J. Arrington (collectively, the "Arringtons") appeal a summary judgment entered in favor of the Texas General Land Office (the "GLO") and the City of Galveston (the "city") on the ground that the evidence raised a fact issue as to where the landward boundary of the public beach easement was located relative to their property. We affirm.

## Background

The Arringtons own a beachfront home in the city. In September of 1998, Tropical Storm Frances (the "storm") damaged their house and eventually moved the vegetation line of the beach onto their property. The Arringtons applied for at least two permits to repair their home, which the city denied after consultation with the GLO. The Arringtons filed suit claiming, among other things, that the city and GLO committed a "taking" of their property by denying them the right to repair it. Subsequently, the city and GLO filed motions for summary judgment on various grounds, which the trial court granted without specifying the ground(s) relied upon.

## Standard of Review

A summary judgment may be granted if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on those issues expressly set out in the motion or response. Tex.R. Civ. P. 166a(c); *Havlen v. McDougall,* 22 S.W.3d 343, 345 (Tex.2000). In reviewing a summary judgment, we take as true all evidence favorable to the non-movant and indulge all reasonable inferences in the non-movant's favor. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999).

## Easement Boundary

The Arringtons' sole issue on appeal contends that the trial court erred in granting summary judgment because a fact issue exists as to where the public beach easement boundary is located and thus whether the repair of their house will violate the Open Beaches Act (the "Act"). *See* Tex. Nat. Res.Code Ann. § 61.013(a) (Vernon Supp.2000). The Act prohibits the construction of an obstruction, barrier, or restraint that will interfere with the right of the public to enter, leave, or use a "public beach" if the public has acquired a right of use or easement to or over *"the area"* by prescription or dedication, or has retained a right by virtue of continuous right in the public. *Id.* For this purpose, "public beach" is defined as: "any beach bordering on the Gulf of Mexico that extends inland from the line of mean low tide to the natural line of vegetation bordering on the seaward shore of the Gulf of Mexi-

co...." *Id.* at § 61.013(c).[1]

The Arringtons do not dispute that the projected vegetation line now runs under their house and is landward of the structure they seek to repair, but contend that the boundary of the public beach easement does not move with the new vegetation line unless there is also a showing by appellees that the public actually used the area now bounded by that line and thereby acquired a prescriptive easement on the incremental portion.[2] The Arringtons thus argue that a fact issue exists on the location of the easement boundary in this case because there was no evidence that, since the storm, the public has actually been using the area of the Arringtons' property up to the new vegetation line, but only evidence that it has not.[3]

On the contrary, once a public beach easement is established, it is implied that the easement moves up or back to each new vegetation line, and the State is not required to repeatedly re-establish that an easement exists up to that new vegetation line[4] (but only that the line has moved). Because the Arringtons' brief fails to demonstrate that any fact issue pertaining to the public's actual use of the beach up to the new vegetation line is material to the disposition of this case, their issue is overruled, and the judgment of the trial court is affirmed.

1. Because section 61.013 has its own definition of "public beach," other definitions of "public beach" provided in the Act for other purposes do not govern the operation of section 61.013. *See* Tex. Nat. Res.Code Ann. §§ 61.001(8) (defining "public beach" generally); 61.014(a), (b) (defining "public beach" for purposes of prohibiting the posting of any sign purporting to deny the public access to a public beach); 61.016(a), (c) (defining "public beach" where there is no clearly marked line of vegetation); 61.017(a), (b) (defining "public beach" as not being affected by occasional sprigs of salt grass on mounds and dunes or seaward from them, artificial fill, the addition or removal of turf, or other artificial changes in the natural vegetation of the area, and where there is a vegetation line consistently following a line more than 200 feet from the seaward line of mean low tide) (Vernon Supp. 2000).

2. The Arringtons' reliance on *Villa Nova* is misplaced because it applied sections 61.016 and 61.017 to a beach, unlike the Arringtons', where there was no clear vegetation line. *See Villa Nova Resort, Inc. v. State,* 711 S.W.2d 120, 128 (Tex.App.—Corpus Christi 1986, no writ).

3. The Arringtons concede that the public generally uses the portion of the beach extending from the shore to the vegetation line, but argue that the public does not and could not use the specific portion of that area on which their house is located because the house covers it. A prior case also held that there was a public easement on the Arringtons' property up to a previous vegetation line. *See Arrington v. Mattox,* 767 S.W.2d 957, 958 (Tex. App.—Austin 1989, writ denied).

4. *Feinman v. State,* 717 S.W.2d 106, 108–11 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (holding that it is implicit in the Act that a public easement, established by implied dedication, moves with the new vegetation line); *see Matcha v. Mattox,* 711 S.W.2d 95, 98–100 (Tex.App.—Austin 1986, writ ref'd n.r.e.) (holding that the public easement established by custom shifts with the natural movements of the beach), *cert. denied,* 481 U.S. 1024, 107 S.Ct. 1911, 95 L.Ed.2d 517 (1987); Douglas G. Caroom & Marcia Newlands Fero, *Annual Survey of Texas Law,* 41 Sw. L.J. 365, 368–69 (discussing the holding in *Matcha* and *Feinman* that an easement rolls or migrates with the relocation of the vegetation line). *But see* Neal E. Pirkle, *Maintaining Public Access to Texas Coastal Beaches the Past and the Future,* 46 Baylor L.Rev. 1093, 1106–07 (1994) (questioning whether the rolling easement theory should apply to easements by prescription and dedication).