IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-40410

DARRELL SIMPSON,

Plaintiff-Appellant

v.

EMPIRE TRUCK LINES, INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before JONES, Chief Judge, ELROD, Circuit Judge, and GUIROLA,[*] District
Judge.

LOUIS GUIROLA, JR., District Judge:

Darrell Simpson appeals the district court's decision that he did not have

a claim against Empire Truck Lines, Inc., pursuant to the Texas Workers

Compensation Act ("TWCA"). Finding no error, we affirm.

## I. BACKGROUND

Empire hired Rodgers Trucking to transport goods pursuant to its contract

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

with United Parcel Service. Rodgers Trucking supplied the tractor-trailer and two drivers, Thomas Dale Rodgers and Darrell Simpson. The lease agreement between Empire and Rodgers Trucking stated, "Neither Contractor, nor its employees, are to [sic] considered employees of Carrier at any time under the circumstances or for any purpose."

On June 14, 2005, Simpson was seriously injured when Rodgers fell asleep and lost control of the tractor-trailer. Simpson was sleeping in the sleeper compartment at the time of the accident. He sued Rodgers, Rodgers Trucking, and Empire, seeking damages for the injuries he suffered in the accident. However, he voluntarily dismissed his claims against Rodgers and Rodgers Trucking.

Prior to trial, the district court said it determined that Rodgers was not Empire's statutory employee under the Federal Motor Carrier Safety Regulations ("FMCSR"). However, the case proceeded to trial against Empire on Simpson's remaining claims, including respondeat superior, joint enterprise, and principal-agent liability. The jury found in favor of Empire and determined that Rodgers was 100 percent liable for the accident. Simpson has appealed the adverse judgment.

## II. DISCUSSION

On appeal, Simpson argues that his status as a statutory employee under the FMCSR establishes an employer-employee relationship for purposes of the TWCA. The district court held that Rodgers was not a statutory employee under the FMCSR, but on appeal, Simpson's arguments concern whether Simpson was a statutory employee. This discrepancy does not affect the outcome in this case. Because Empire did not have workers' compensation insurance, Simpson contends that he is entitled to sue Empire for Rodgers' negligence under the TWCA and that Empire is foreclosed from asserting certain defenses, including contributory negligence. See Tex. Lab. Code Ann. § 406.033 (a), (d). The TWCA provides:

> An owner operator and the owner operator's employees are not employees of a motor carrier . . . if the owner operator has entered into a written agreement with the motor carrier that evidences a relationship in which the owner operator assumes the responsibilities of an employer for the performance of the work.

Tex. Lab Code § 406.122 (c). In the present case, Empire and Rodgers Trucking executed a form that provided: "The undersigned motor carrier and the undersigned owner/operator agree that the owner/operator assumes the responsibilities of an employer for the performance of the work." Thus, under

Texas law, Simpson is not entitled to assert a claim against Empire under the TWCA.

Relying upon White v. Excalibur Insurance Co., 599 F.2d 50 (5th Cir. 1979), Simpson asserts that federal law preempts Texas workers compensation law on this issue. We disagree. In White, this Court held that the parties' attempt "to create by contract an independent contractor relationship cannot operate to frustrate the federal design to impose responsibility on the carrier for acts of those who might otherwise be independent contractors." Id. at 54. When White was decided, the FMCSR, which were enacted pursuant to 49 U.S.C. § 304, required motor carriers to assume "full direction and control" of leased vehicles in order to be certain that the public would be protected from the torts of the operators of the vehicles, who were frequently insolvent. Id. at 52. Pursuant to this statute, the White court held that employees of the owner-operator of a tractor-trailer were statutory employees of the motor carrier. Id. at 53.

Title 49 U.S.C. § 11107 superseded 49 U.S.C. § 304, and provided that the Interstate Commerce Commission ("ICC") could issue regulations requiring motor carriers to utilize written leases. The FMCSR required the leases to provide that the carrier has exclusive possession, control, and use of the

4

equipment and assumes complete responsibility for its operation for the duration of the lease. 49 C.F.R. § 376.12 (c)(1) (originally codified at C.F.R. § 1057.12 (c)(1)). In 1992, the regulations were amended to provide:

> Nothing in the provisions required by paragraph (c)(1) of this section is intended to affect whether the lessor or driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee. An independent contractor relationship may exist when a carrier lessee complies with 49 U.S.C. 14102 and attendant administrative requirements.

49 C.F.R. § 376.12(c)(4)(originally codified at 49 C.F.R. § 1057.12(c)(4)). The agency explained the purpose of the change:

> [T]he type of control required by the regulation does not affect "employment" status and . . . it is not the intention of the regulations to affect the relationship between a motor carrier lessee and the independent owner-operator lessor. Inclusion of a specific statement in the regulations was found to be necessary because certain State courts and administrative tribunals have determined that the regulations affect the relationship between the lessee and lessor.

Petition to Amend Lease and Interchange of Vehicle Regulations, 57 Fed. Reg. 32905 (July 24,1992).

The ICC was abolished in 1996, and 49 U.S.C. §11107 was reenacted substantially unchanged as 49 U.S.C. §14102, referring to the Secretary of Transportation instead of the ICC:

> The Secretary may require a motor carrier . . . that uses motor vehicles not owned by it to transport property under an

5

arrangement with another party to . . . have control of and be responsible for operating those motor vehicles in compliance with requirements prescribed by the Secretary on safety of operations and equipment, and with other applicable law as if the motor vehicles were owned by the motor carrier.

49 U.S.C. § 14102(a).

Neither 49 U.S.C. § 14102 nor the FMCSR contradict Tex. Lab Code § 406.122 (c)'s declaration that the mere fact that an owner-operator and the owner-operator's employees have entered into a written agreement that evidences a relationship in which the owner-operator assumes the responsibilities of an employer for the performance of the work, does not transform the employees into employees of the motor carrier.

In addition, Simpson contends only that the lease agreement itself, not the circumstances of his working relationship with Rodgers, Rodgers Trucking, and Empire, gives rise to his employee status under the TWCA. Because he has conceded that he has no claim to employee status from the facts of his working relationship, and because the lease language, construed in conjunction with the statutes and regulations discussed above, does not confer on him employee status under the TWCA, Simpson has failed to establish that he enjoyed the status of an employee under that statute.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.