COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-132-CV

 

 

ELIZABETH SANTANA, INDIVIDUALLY                                    APPELLANT

AND AS PERSONAL
REPRESENTATIVE

OF THE ESTATE OF ROJELIO
SANTANA,

AND AS NEXT FRIEND OF
DIANA

SANTANA, ROJELIO SANTANA,
JR.,

MARISSA SANTANA, PAULINE
SANTANA

AND FREDERICO SANTANA

 

                                                   V.

 

ARPIN AMERICA MOVING SYSTEM,                                        APPELLEES

LLC AND PAUL ARPIN VAN
LINES, INC.

 

                                              ------------

 

            FROM THE 67TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                           I.
INTRODUCTION








This is a summary judgment appeal.  Appellant Elizabeth Santana, individually and
as personal representative of the estate of Rojelio Santana, and as next friend
of Diana Santana, Rojelio Santana, Jr., Marissa Santana, Pauline Santana, and
Frederico Santana (hereinafter collectively referred to as AAppellant@) raises
twelve points challenging the trial court=s
summary judgments for Appellees, Arpin America Moving System, LLC (AAAMS@) and
Paul Arpin Van Lines, Inc. (APAVL@).  Appellant claims that the summary judgment
evidence establishes that genuine issues of material fact exist on her claims
against both AAMS and PAVL.  For the
reasons set forth below, we will affirm the trial court=s
summary judgment.

                                     II.
FACTUAL BACKGROUND

Rojelio ARocky@ Santana
(ARocky@) was a
commercial driver; on August 7, 2004, in the capacity of an independent
contractor, he drove a commercial vehicle owned by AAMS and leased by PAVL,[2]
hauling household goods from Nesbit, Mississippi, to Dallas, Texas.  Independent contract drivers like Rocky were
permitted to hire Alumpers@ to help
them load and unload the trucks; the independent contract drivers were
responsible for supervising and paying the Alumpers@ they
chose to hire.  AAMS and PAVL maintain no
contract or relationship with Alumpers@ hired
by the driver. 








Rocky decided to hire two Alumpers,@
Alejandro Cisneros and Alejandro Ramirez, to assist him on the trip.  Per AAMS policy, Alumpers@ are not
permitted to operate trucks under any circumstances.  At some point during the return trip, Rocky
permitted RamirezCwho did not possess a commercial
driver=s
licenseCto drive
the eighteen wheeler.  AAMS and PAVL did
not know Rocky had hired Cisneros and Ramirez as Alumpers@ for the
trip and did not authorize Ramirez to drive the truck.  On August 7, 2004, while Ramirez was driving
the truck, it struck a bridge support pillar; Rocky, Cisneros, and Ramirez were
all killed.

First responders at the scene referred to the
three victims as John Doe A, B, and C. 
The first responders all testified that John Doe A was driving; pictures
of the victims taken at the scene of the accident were referred to in the
depositions of the first responders and in the summary judgment affidavits of
persons acquainted with Rocky and conclusively establish that Rocky was not
John Doe A.[3]








Rocky=s wife
brought a wrongful death suit on her own behalf and on behalf of Rocky=s minor
children.  Ultimately, the trial court
granted summary judgments for AAMS and for PAVL on all of Appellant=s claims
against them.  Appellant perfected this
appeal, raising twelve points.[4]

                III.  APPELLANT=S CAUSES OF ACTION; AAMS=s AND PAVL=s

             TRADITIONAL AND NO-EVIDENCE MOTIONS FOR SUMMARY JUDGMENT

 

Appellant pleaded causes of action against AAMS
for negligence, negligence per se, res ipsa loquitur, negligent
entrustment/negligent supervision, and gross negligence.  Appellant pleaded causes of action against
PAVL as a worker=s compensation nonsubscriber for
gross negligence under the Aelection
of remedies@ doctrine and for vicarious
liability under the doctrines of respondeat superior, statutory employee, and
apparent agency.








AAMS filed a no-evidence motion for summary
judgment, claiming that no evidence exists to support the causation element of
Appellant=s negligence per se claims; that
res ipsa loquitur is not a cause of action recognized in Texas; that no
evidence of proximate cause exists concerning Appellant=s negligence
claims; that no evidence exists in Appellant=s
negligent entrustment claims that AAMS entrusted its vehicle to Ramirez and no
evidence exists that AAMS knew Ramirez was an unlicensed, reckless driver; that
no evidence exists that AAMS acted with the requisite mental state for gross
negligence; and that no evidence exists that the doctrines of respondeat
superior, actual agency or apparent agency, vice-principal, or statutory
employee apply.  AAMS contends that Rocky
was an independent contractor and that no evidence to the contrary exists.

PAVL filed a no-evidence and a traditional motion
for summary judgment.  In its no-evidence
motion, PAVL claimed that no evidence exists of the following elements of
Appellant=s claim for gross negligence:
that PAVL was the common law or statutory employer of Rocky; that PAVL acted
with gross negligence; and that any gross negligence by PAVL caused the
accident.  In its traditional motion for
summary judgment, PAVL likewise claimed that the summary judgment evidence
conclusively negates that PAVL was the common law or statutory employer of
Rocky, that PAVL acted with gross negligence, and that any gross negligence by
PAVL caused the accident.

                       IV.
SUMMARY JUDGEMENT STANDARDS
OF REVIEW

                                    A.  No-Evidence Motion








After an adequate time for discovery, the party
without the burden of proof may, without presenting evidence, move for summary
judgment on the ground that there is no evidence to support an essential
element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 207 (Tex. 2002).  The trial court
must grant the motion unless the nonmovant produces summary judgment evidence
that raises a genuine issue of material fact. 
See Tex. R. Civ. P. 166a(i) & cmt.; Sw. Elec. Power Co. v.
Grant, 73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no-evidence summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  Sudan v. Sudan, 199
S.W.3d 291, 292 (Tex. 2006).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no-evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan
Antonio 1998, pet. denied).  We review a
no‑evidence summary judgment for evidence that would enable reasonable
and fair‑minded jurors to differ in their conclusions.  Hamilton v. Wilson, 249 S.W.3d 425,
426 (Tex. 2008) (citing City of Keller v. Wilson, 168 S.W.3d 802, 822
(Tex. 2005)).








Less than a scintilla of evidence exists when the
evidence is so weak that it does nothing more than create a mere surmise or
suspicion of a fact.  Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists when
the evidence would enable reasonable and fair-minded people to reach different
conclusions.  Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 601 (Tex. 2004); Merrell Dow Pharm., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997). 
A genuine issue of material fact is raised by presenting evidence on
which a reasonable jury could return a verdict in the nonmovant=s
favor.  Moore, 981 S.W.2d at 266; see
also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255B56, 106
S. Ct. 2505, 2513B14 (1986) (interpreting Fed. R.
Civ. P. 56).

                                      B.  Traditional Motion








A defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see
Tex. R. Civ. P. 166a(b), (c).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s favor.  IHS Cedars Treatment Ctr., 143 S.W.3d
at 798.  Summary judgment is proper when
parties do not dispute the relevant facts. 
Havlen v. McDougall, 22 S.W.3d 343, 345 (Tex. 2000).

When a party moves for summary judgment under
both rules 166a(c) and 166a(i), we will first review the trial court=s
judgment under the standards of rule 166a(i). 
Ford Motor Co., 135 S.W.3d at 600.  If the appellant failed to produce more than
a scintilla of evidence under that burden, then there is no need to analyze
whether the appellee=s summary judgment proof
satisfied the less stringent rule 166a(c) burden.  Id.

         V.  THE FEDERAL MOTOR CARRIER SAFETY REGULATION (FMCSR)
POINTS








In portions of her first, second, third, fourth,
fifth, ninth, and eleventh points, Appellant raises various arguments asserting
that the trial court erred by granting summary judgment because the Federal
Motor Carrier Safety Regulations[5]
(AFMCSR@)
doctrines of statutory employee, nondelegable duty, or vicarious liability
apply.  Appellees PAVL[6]
and AAMS argue that the summary judgment evidence conclusively established the
inapplicablity of the FMCSR doctrines of statutory employee, nondelegable duty,
and vicarious liability to the present facts because Rocky was an independent
contractor and was not driving when the accident occurred and because Cisneros
and Ramirez were not employees of either PAVL or AAMS.

The FMCSR define Aemployee@ and Aemployer.@  The FMCSR define an Aemployee@ as

any
individual, other than an employer, who is employed by an employer and who in
the course of his or her employment directly affects commercial motor vehicle
safety. Such term includes a driver of a commercial motor vehicle (including an
independent contractor while in the course of operating a commercial motor
vehicle), a mechanic, and a freight handler.

 

49 C.F.R. ' 390.5.  The statutory definition of an Aemployer@ under
the FMCSR reads, A[A]ny person engaged in a
business affecting interstate commerce who owns or leases a commercial motor
vehicle in connection with that business, or assigns employees to operate
it . . . .@ 
Id. (emphasis added).








The summary judgment evidence
conclusively establishes that Rocky was an independent contractor[7]
and that he was not driving the commercial motor vehicle at the time of the
accident.[8]  Independent contractors are statutory employees
under the FMCSR definition set forth above only when they are Ain the
course of operating a commercial motor vehicle.@  49 C.F.R. ' 390.5;
Pouliot v. Paul Arpin Van Lines, 292 F. Supp. 2d 374, 379B80 (D.
Conn. 2003) (holding Athe definition of >employee= in
section 390.5 would apply to an independent contractor while the contractor is
driving his commercial motor vehicle on any public or private road or highway@).  Because Rocky was not Ain the
course of operating a commercial motor vehicle@ when
the accident occurred, he does not meet the FMCSR definition of employee and as
a matter of law was not a statutory employee of either AAMS or PAVL.  Accord Ill. Bulk Carrier, Inc. v. Jackson,
908 N.E.2d 248, 259 (Ind. Ct. App. 2009) (holding driver was not statutory
employee under FMCSR); Clarendon Nat=l Ins.
Co. v. Johnson, 666 S.E.2d 567, 571 (Ga. Ct. App. 2008) (same).








And the summary judgment
evidence likewise conclusively shows that Cisneros and Ramirez do not meet the
FMCSR definition of Aemployee@ set forth
above.  The summary judgment evidence
establishes that Rocky, not AAMS or PAVL, hired Cisneros and Ramirez.  Rocky does not meet the FMCSR definition of Aemployer@ because
he is not Aa person who owns or leases a
commercial motor vehicle.@ 
AAMS owned the commercial motor vehicle and PAVL leased it from
AAMS.  Because Rocky does not meet the
definition of an Aemployer,@
Cisneros and Ramirez cannot qualify as Aemployees@ because
they were not Aemployed by an employer.@  Thus, under the facts of this case, the FMCSR
statutory employee doctrine of vicarious liability is inapplicable to both
Rocky and to Cisneros and Ramirez.[9]








Additionally, PAVL points out
that the FMCSR do not apply here because Appellant is not a Amember
of the public@ whom the regulations were
designed to protect.  The vicarious
liability fiction of the statutory employee doctrine applies only to the extent
necessary to insure the carrier=s
responsibility for the public=s
safety.  See White v. Excalibur Ins.
Co., 599 F.2d 50, 53 (5th Cir.), cert. denied, 444 U.S. 965 (1979), superseded
on other grounds by regulation as stated in Simpson v. Empire Truck Lines, Inc.,
571 F.3d 475, 475 (5th Cir. 2009); Morris v. JTM Materials, Inc., 78
S.W.3d 28, 39, 43 (Tex. App.CFort
Worth 2002, no pet.) (recognizing that FMCSR preempt state law in tort actions
in which a member of the public is injured); see also Sharpless v. Sim,
209 S.W.3d 825, 830 (Tex. App.CDallas
2006, pet. denied) (ARegardless of the type of
relationship between the carrier and the driver, however, the carrier is not excused
from the regulations that treat the driver as a statutory employee for
purposes of liability to the general public@)
(emphasis added); Tamez v. Sw. Motor Transp., Inc., 155 S.W.3d 564, 573
(Tex. App.CSan Antonio 2004, no pet.)
(recognizing policy underlying FMCSR does not apply as to co-employees of motor
carriers injured by their fellow employees=
negligence since they could recover from their employer in workers=
compensation).  Because Appellant is not
a Amember
of the general public,@ the statutory employee fiction
does not apply.  See, e.g., White,
599 F.2d at 53.

To the extent Appellant=s first,
second, third, fourth, fifth, ninth, and eleventh points claim that the trial
court erred by granting summary judgment because the FMCSR doctrines of
statutory employee, nondelegable duty, or vicarious liability apply to the
present facts, we overrule those points.

   VI.
NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE,
AND RES IPSA LOQUITUR








Appellant claims in her fifth
and seventh points that AAMS and PAVL were negligent and negligent per se by
allegedly failing to provide safety training to Rocky and by failing to ensure
Rocky=s
compliance with various FMCSR.  Likewise,
in portions of her first, second, third, fourth, fifth, ninth, tenth, and
eleventh points, Appellant argues that AAMS and PAVL possessed nondelegable
duties under essentially the same FMCSR as follows:  49 C.F.R. ' 375.207
(2008) (items that must be in advertisements); 49 C.F.R. ' 383.35
(2008) (notification of previous employment); 49 C.F.R. ' 392.1
(driving of commercial motor vehicles); 49 C.F.R. ' 392.3
(2008) (ill or fatigued driver); 49 C.F.R. ' 392.6
(schedules to conform with speed limits); 49 C.F.R. ' 392.60
(unauthorized persons not to be transported); 49 C.F.R. ' 390.13
(2008) (aiding or abetting violations); 49 C.F.R. '
390.3(e) (general applicability); 49 C.F.R. ' 390.35
(2008) (certificates, reports, and records; falsification, reproduction, or
alteration); 40 C.F.R. ' 5.105 (2008) (definitions); 49
C.F.R. ' 391.1
(2008) (scope of the rules in this part, additional qualifications; duties of
carrier drivers); 49 C.F.R. ' 391.15
(2008) (disqualification of drivers); and 49 C.F.R. ' 391.23
(2008) (maximum driving time for property-carrying vehicles).  In Appellant=s sixth
point, she claims in three sentences that her pleading of the doctrine of res
ipsa loquitur is sufficient to defeat AAMS=s and
PAVL=s
no-evidence summary judgment motions.  In
her twelfth point, she contends that a motor carrier can be liable for the
gross negligence of its agents or vice principals.








A negligence cause of action
requires proof of (1) a legal duty owed by one person to another, (2) a breach
of that duty, and (3) damages proximately caused by the breach.  D. Houston, Inc. v. Love, 92 S.W.3d
450, 454 (Tex. 2002).

Negligence per se is a concept
adopted by the civil courts in which a duty is based on a standard of conduct
created by a statute rather than on the reasonably prudent person test used in
pure negligence claims.  Smith v.
Merritt, 940 S.W.2d 602, 607 (Tex. 1997); Omega Contracting, Inc. v.
Torres, 191 S.W.3d 828, 839 (Tex. App.CFort
Worth 2006, no pet.) (op. on reh=g.)
(discussing negligence per se in the context of nondelegable duties under the
FMCSR).  In a negligence per se case, the
factfinder is not asked to decide whether the defendant acted as a reasonably
prudent person would have acted under the same or similar circumstances;  instead, the statute itself states what a
reasonably prudent person would have done. 
Omega Contracting, 191 S.W.3d at 839.  If an excuse is not raised, the only inquiry
for the factfinder is whether the defendant violated the statute and, if so,
whether the violation was a proximate cause of the injury.  Id.








To prove that a defendant=s
negligence constituted gross negligence, a plaintiff must prove two
elements:  (1) that viewed objectively
from the actor=s standpoint, the act or
omission involved an extreme degree of risk, considering the probability and
magnitude of the potential harm to others, and (2) that the actor must have had
actual, subjective awareness of the risk involved, but nevertheless proceeded
in conscious indifference to the rights, safety, or welfare of others.  Mobil Oil Corp. v. Ellender, 968
S.W.2d 917, 921 (Tex. 1998).  Evidence of
simple negligence is not enough to prove either the objective or subjective
elements of gross negligence.  Id.








Here, AAMS and PAVL both filed
no-evidence motions for summary judgment on the issue of causation.  Because causation is an element of Appellant=s
negligence, negligence per se, and gross negligence claims, even if summary
judgment evidence existed that AAMS and PAVL were negligent, violated one of
the statutory duties alleged by Appellant, or were grossly negligent, in light
of AAMS=s and
PAVL=s
no-evidence motions on the issue of causation, Appellant had the burden to come
forward with more than a scintilla of evidence that AAMS=s
negligence was a proximate cause of the accident, that AAMS=s and
PAVL=s
alleged statutory FMCSR violations were a proximate cause of the accident, and
that PAVL=s alleged gross negligence was a
proximate cause of the accident.  See,
e.g., D. Houston, Inc., 92 S.W.3d at 454; Mobil Oil Corp.,
968 S.W.2d at 921; Omega Contracting, 191 S.W.3d at 839.  Appellant points us to no such summary
judgment evidence; AAMS=s and PAVL=s
summary judgment evidence establishes that Rocky had no trips scheduled after
this one, Rocky was told he did not have to return to Dallas on the evening of
the accident, and Rocky had not exceeded the number of hours he was permitted
to drive.  Because no summary judgment
evidence exists that any violation of any FMCSR by AAMS or PAVL proximately
caused the accident, we overrule Appellant=s
seventh, tenth, and twelfth points and the balance of her first, second, third,
fourth,[10]
fifth, ninth and eleventh points.








Res ipsa loquitur is a
rule of evidence whereby negligence of the alleged wrongdoer may be inferred
from the mere fact that the accident happened, provided (1) the character of
the accident and the circumstances attending it lead reasonably to the belief
that, in the absence of negligence, it would not have occurred, and (2) the
thing that caused the injury is shown to have been under the management and
control of the alleged wrongdoer.  Haddock
v. Arnspiger, 793 S.W.2d 948, 950 (Tex. 1990).  The effect of successfully invoking the res
ipsa loquitur doctrine is that the plaintiff can survive no‑evidence
procedural challenges.  See Mobil
Chem. Co. v. Bell, 517 S.W.2d 245, 251 (Tex. 1975) (explaining that no
presumption of defendant=s negligence arises, instead the
jury is merely free to infer negligence; the plaintiff continues to have burden
of persuading jury by preponderance of evidence that defendant was negligent).

Here, Appellant has not
successfully invoked the doctrine of res ipsa loquitur to avoid AAMS=s and
PAVL=s
no-evidence summary judgment challenges. 
Appellant did not establish that the thing that caused the injuryChere,
the driver of the commercial motor vehicle, who was not RockyCwas
under the management and control of the alleged wrongdoerCAAMS or
PAVL.  That is, because neither Cisneros
nor Ramirez were actual or statutory employees of AAMS or PAVL, they were not
under AAMS=s or PAVL=s
control.

We overrule Appellant=s sixth
point.

                                  VII.  NEGLIGENT ENTRUSTMENT

In her eighth point, Appellant
argues that the trial court erred by granting summary judgment on her negligent
entrustment claim because a fact issue exists as to whether AAAMS
trusted its vehicle to Alejandro Ramirez and/or Alejandro Cisneros@ and Aknew or
should have known Alejandro Ramirez and/or Alejandro Cisnersos were unlicensed,
incompetent, or reckless.@













To establish negligent
entrustment of an automobile, a plaintiff must prove the following
elements:  (1) the owner entrusted the
automobile, (2) to a person who was an incompetent, or reckless driver, (3) who
the owner knew or should have known was incompetent or reckless, (4) the driver
was negligent, and (5) the driver=s
negligence proximately caused the accident and the plaintiff=s
injuries.  De Blanc v. Jensen, 59
S.W.3d 373, 375B76 (Tex. App.CHouston
[1st Dist.] 2001, no pet.) (citing Schneider v. Esperanza Transmission Co.,
744 S.W.2d 595, 596 (Tex. 1987)).  AAMS
and PAVL argue that the summary judgment evidence conclusively negates the
first and second elements of negligent entrustment.  They claim that they did not entrust the
commercial motor vehicle to anyone except Rocky and that Rocky was not driving
at the time of the accident.  Because the
summary judgment evidence does conclusively establish these two facts, and
because no evidence exists that AAMS or PAVL entrusted the commercial motor
vehicle to Ramirez or Cisneros or that AAMS or PAVL knew or should have known
that Ramirez or Cisneros were reckless or incompetent drivers, the trial court
did not err by granting summary judgment on Appellant=s
negligent entrustment claim.  See,
e.g., Sheffield v. Drake, 255 S.W.3d 779, 786 (Tex. App.CEastland
2008, pet. denied) (upholding no-evidence summary judgment granted on negligent
entrustment claim because no evidence existed defendant entrusted vehicle to
driver).

We overrule Appellant=s eighth
point.

                                         VIII.  CONCLUSION

Having overruled Appellant=s twelve
points on appeal, we affirm the trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL:
CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

 

DELIVERED:
August 13, 2009











[1]See Tex. R. App. P. 47.4.





[2]PAVL is a federally
registered motor carrier with a Department of Transportation (ADOT@) number.





[3]Officer Ron Parker first
indicated in his initial accident report that Rocky had been driving, but he
later submitted an amendment to the accident report stating that Ramirez had
been driving.  In any event, Officer Parker,
as well as all of the other first responders, consistently and affirmatively
testified that John Doe A was the driver and pictures of John Doe A are not
pictures of Rocky.





[4]Appellant=s twelve points on
appeal, with limited exceptions, do not segregate her arguments and analysis
between AAMS and PAVL; the points simply group both defendants together.  Liberally construing Appellant=s points, we mirror
Appellant=s presentation of her
points.





[5]See, e.g., 49 C.F.R. '' 376.11B.12, 390.3, 390.5, 392.1,
392.60 (2008).





[6]Appellant=s claim against PAVL is
limited to a claim for PAVL=s alleged gross negligence because Appellant made
an express, written election of remedies, choosing to pursue a Texas Worker=s Compensation Benefits
claim as the remedy for any negligence of PAVL. 
Nonetheless, because Appellant=s allegations of gross negligence against PAVL
are premised on these same FMCSR doctrines, PAVL (along with AAMS) challenges
their applicability.





[7]In his summary judgment
affidavit, Jack Fuyat, Sr., Senior Vice President of Corporate Affairs for the
Arpin Group, Inc., and formerly for Paul Arpin Van Lines, Inc., swears that
neither AAMS nor PAVL ever had a contract of employment with Rocky or with Alejandro
Ramirez or Alejandro Cisneros and that Rocky was an independent
contractor.  No controverting summary
judgment evidence exists.





[8]As previously mentioned,
first responders all testified that John Doe A was the driver and the summary
judgment affidavits of persons acquainted with Rocky conclusively establish
that the photographs of John Doe A are not photographs of Rocky.





[9]In her ninth point,
Appellant argues that a fact issue was presented on her claims of
participatory/vicarious liability for respondeat superior, actual and apparent
agency, vice principal, and statutory employee. 
Because the summary judgment evidence conclusively establishes the lack
of an employer-employee relationship or of any type of relationship at all
between the Alumpers@ and either AAMS or PAVL,
no genuine issue of material fact exists concerning any of these theories of
vicarious liability.





[10]Within her fourth point,
Appellant claims AAMS negligently entrusted the truck to Rocky.  Because the summary judgment evidence
conclusively established that Rocky was not driving at the time of the
accident, any negligent entrustment to Rocky, as a matter of law, was not a
proximate cause of the accident, and the trial court did not err by granting
AAMS=s and PAVL=s
no-evidence-of-causation summary judgment motions on Appellant=s theory that AAMS or
PAVL negligently entrusted the truck to Rocky.