Affirmed and Memorandum Opinion filed May 7, 2009








Affirmed
and Memorandum Opinion filed May 7, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00644-CV

____________

 

MARCOS A. LAZO, Appellant

 

V.

 

EXXON MOBIL CORPORATION, Appellee

 



 

On Appeal from the 113th District Court

Harris County,
Texas

Trial Court Cause
No. 2005-36987

 



 

M E M O R
A N D U M   O P I N I O N

This is an appeal from a summary-judgment order signed June
19, 2006, in favor of Exxon Mobil Corporation (AExxonMobil@).  The appellant,
Marcos A. Lazo, raises four issues on appeal, questioning ExxonMobil=s proof of both
its affirmative defenses of preemption and the exclusive-remedy defense
afforded employers under the Texas Workers= Compensation
Act.  We affirm the trial court=s judgment.








This appeal arises from a suit by Marcos A. Lazo against
ExxonMobil for personal injuries sustained while Lazo was employed by Mundy
Support Services, LLC, a contractor performing services at the ExxonMobil
Baytown refinery.  ExxonMobil moved for summary judgment on the affirmative defenses
of preemption and the exclusive-remedy provision of the Texas Workers= Compensation
Act.  The trial court
granted summary judgment without specifying the grounds on which it was based,
and ruled that Lazo take nothing on his claims.

The
standard of review of a summary-judgment order is well established.  A movant
must establish its right to summary judgment by showing that no genuine issue
of material fact exists and that it is entitled to judgment as a matter of
law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  A
defendant who moves for summary judgment on an affirmative defense must
conclusively prove all elements of that defense as a matter of law.  Havlen
v. McDougall, 22 S.W.3d 343, 345 (Tex. 2000).  

In his
first two issues, Lazo claims that ExxonMobil failed to prove conclusively that
the exclusive-remedy defense applies because it did not establish it was a Ageneral contractor@ under section 406.121 of the Texas
Labor Code and a statutory employer under section 408.001(a).  The
exclusive-remedy defense is set out in section 408.001:

Recovery of
workers= compensation benefits is the exclusive remedy of an
employee covered by workers= compensation
insurance coverage or a legal beneficiary against the employer or an agent or
employee of the employer for the death of or a work-related injury sustained by
the employee. 

 

Tex. Lab. Code Ann. ' 408.001(a) (Vernon 2006).  Thus, to
be entitled to assert this as a defense, ExxonMobil had to establish it was an Aemployer.@  In this case, Lazo was an employee
of Mundy Support Services, LLC.  But even if a worker is not directly employed
by the company that provides workers=-compensation coverage, that company
may be deemed an employer by the Act if the company meets the requirements of
certain provisions of the statute.  Section 406.123 permits a general
contractor to be considered an employer for the purposes of the workers= compensation as follows:

(a)     A general contractor and a subcontractor may
enter into a written agreement under which the general contractor provides
workers= compensation insurance coverage to
the subcontractor and the employees of the subcontractor.








. . . .

 

(e)     An agreement under this section makes the
general contractor the employer of the subcontractor and the subcontractor=s employees only for purposes of
the workers= compensation laws of this state.

 

Tex. Lab. Code Ann. ' 406.123 (a),(e)
(Vernon 2006).  

A Ageneral contractor@ is a Aperson who undertakes to procure the
performance of work or a service, either separately or through the use of
subcontractors.@  Tex. Lab. Code Ann.
' 406.121(1) (Vernon 2006).  Thus, to
be entitled to the exclusive-remedy provision of the Act, ExxonMobil had to
show it was a general contractor that fell within the statutory requirements to
be deemed an employer.  

In Entergy Gulf States, Inc. v.
Summers, C S.W.3d C , No. 05-0272,
2009 WL 884906 (Tex. Apr. 3, 2009), the supreme court held that a premises owner, such as
ExxonMobil, can fall within the definition of a general contractor and can
therefore be deemed an employer under the Act.  The facts in Entergy are
very similar to the facts in this case.  Entergy contracted with another
company, International Maintenance Corporation (IMC), to assist with
maintenance and repairs at Entergy=s facilities. 
2009 WL 884906 at *1.  Entergy provided workers=-compensation
insurance for IMC=s employees through an owner- provided
insurance program, or OPIP.  Id.  One of IMC=s employees was
injured and received benefits under the workers=-compensation
policy purchased by Entergy.  Id.  The supreme court held that Entergy
could be a general contractor under the Act because it procured services from
IMC.  Id. at *3.  Additionally, the court held that Entergy was deemed
to be an employer entitled to the exclusive-remedy defense under the Act
because it had agreed to provide worker=s-compensation
coverage to IMC=s employees.  Id. at *2. 








As the appellee in Entergy argued, Lazo claims on
appeal that ExxonMobil failed to establish as a matter of law that there was an
agreement between Mundy and ExxonMobil.  We hold that ExxonMobil did prove the
existence of an agreement.  The agreement in this case, entitled Continuing
Services Agreement 62290, stated the agreement was between Mundy and an entity
called Procurement, which is a division of ExxonMobil Global Services.  Lazo
focuses on the fact that the agreement was between Mundy and ExxonMobil Global
Services, rather than ExxonMobil Corporation.  However, the agreement provided
that any affiliate of ExxonMobil Global Services might from time to time issue
work orders under the agreement and that each work order would constitute a
separate legal contract between the affiliate issuing the work order and
Mundy.  It is not disputed that, at the time of Lazo=s injury, Mundy
was performing services for ExxonMobil at the Baytown refinery. In section 13.2
of this agreement, ExxonMobil agreed it could provide workers=-compensation
insurance for Mundy=s employees.  Attached to ExxonMobil=s motion for
summary judgment was the affidavit of Tara B. Clausen, an insurance advisor for
ExxonMobil.  In this affidavit, Clausen testified that ExxonMobil did provide
this insurance and Mundy employees were covered under the ExxonMobil AOwner Controlled
Insurance Program.@  A copy of the insurance policy was also
attached to the motion for summary judgment.  Clausen stated in her affidavit
that, as outlined in section 13.2 of the Continuing Services Agreement,
ExxonMobil had notified Mundy it would purchase the policy and it reduced Mundy=s compensation by
an amount equal to the cost of the policy.  Lazo received benefits under this
workers=-compensation
policy purchased by ExxonMobil.  We hold that the proof submitted by ExxonMobil satisfied the
written-agreement requirement under the contract. 








The
summary-judgment proof established the existence of a written agreement for the
provision of workers=-compensation coverage.  The next inquiry is whether
ExxonMobil established that it fell within the statutory definition of Ageneral
contractor.@  The Legislature defines Ageneral contractor@ as a Aperson who
undertakes to procure the performance of work or a service, either separately
or through the use of subcontractors.@  Tex. Lab. Code
Ann. ' 406.121(1)
(Vernon 2006).  In Entergy, the supreme court held that a premises
owner, such as ExxonMobil, can be one who Aundertakes to
procure the performance of work@ and thus, can be a general contractor
under the statute.  2009 WL 884906 at
*3.  The court first looked to the common meaning of the terms Aundertake@ and Aprocurement,@ and held Aa general
contractor is a person who takes on the task of obtaining the performance of
work.@  Id.  The
court found this definition does not exclude premises owners and it described
exactly Entergy=s action of contracting with IMC for IMC
to perform maintenance work at Entergy=s Bay City plant. 
Id.

This is analogous to ExxonMobil=s action in this
case.  ExxonMobil contracted with Mundy for the performance of work at its
Baytown refinery.  Because ExxonMobil procured the performance of work by Mundy
and its employees, including Lazo, ExxonMobil falls within the definition of a Ageneral contractor@ under the
statute.  See id.  Because ExxonMobil established it was a general
contractor that entered into an agreement with Mundy to provide worker=s compensation
coverage to Mundy=s employees, it is deemed to be an
employer for the purposes of the Act.  See Tex. Lab. Code Ann. ' 406.123(e)
(Vernon 2006). 

Accordingly, we hold that ExxonMobil met its burden of
establishing that it was a general contractor and a statutory employer,
entitled to the exclusive-remedy defense under the statute.  See Tex.
Lab. Code Ann. ' 408.001 (Vernon
2006).  Because we hold that ExxonMobil met its burden of proof on the issues
of whether it was a general contractor and a statutory employer, we find no
merit in Lazo=s first two issues.  

Lazo=s next two issues concern ExxonMobil=s alternative
basis for summary judgment, that Lazo=s claims were
preempted by federal law.  Because the judgment may be upheld on the
exclusive-remedy defense,
we need not address Lazo=s third and fourth issues.








We
affirm the trial court=s judgment.

 

 

 

 

/s/        Jeffrey V. Brown

Justice

 

 

Panel consists of Justices Yates,
Brown and Boyce.