# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00748-CV

**The Texas Health and Human Services Commission, Appellant**

**v.**

**Benjamin J. Gutierrez, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-14-005445, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Health and Human Services Commission (HHSC) appeals from the final judgment rendered by the trial court in favor of Benjamin Gutierrez in his suit for judicial review of HHSC's denial of Medicaid benefits for Gutierrez's child. For the reasons set forth below, we will reverse the trial court's judgment and render judgment affirming HHSC's order.

### Statutory and Regulatory Framework

The Medicaid health-insurance program, jointly operated and funded by the federal and state governments, provides for the medical care of low-income and other eligible persons. *See generally* Pub. L. No. 89–97, 79 Stat. 286 (1965) (codified as amended at 42 U.S.C. §§ 1396–1396u). While federal law establishes Medicaid's basic parameters—including the general eligibility requirements—each state must decide in conformity with federal law eligible groups, types and range of services, payment levels for services, and administrative services. *See* 42 C.F.R. § 430.10.

The Centers for Medicaid and Medicaid Services (CMMS), a part of the Department of Health and Human Services, is the federal agency charged with administering Medicaid, *see Marsaw v. Trailblazer Health Enters., L.L.C.*, 192 F.Supp. 2d 737, 740 (S.D. Tex. 2002), and HHSC is the state agency designated to administer Medicaid in Texas, *see* Tex. Gov't Code §§ 531.0055(b)(1), .021(a); Tex. Hum. Res. Code § 32.021(a).

Recent federal Medicaid legislation, effective January 1, 2014, mandates that states use a standard formula—referred to as modified adjusted gross income (MAGI)[1]—to determine whether certain groups of individuals, including children, meet Medicaid income requirements. *See* 42 U.S.C. § 1396a(e)(14) ("[F]or purposes of determining income eligibility . . . a State shall use the modified adjusted gross income of an individual and . . . the household income of such family). CMMS has adopted rule 435.603(f) to implement this MAGI directive, *see* CMMS General Financial Eligibility Rule, 42 C.F.R. 435.603, and Texas's HHSC has adopted its own administrative rules to implement the MAGI methodology in compliance with the federal directive and CMMS's rule. *See* 1 Tex. Admin. Code §§ 366.1101–1115 (HHSC, MAGI Methodology).

Under both the federal and state rules, financial eligibility for Medicaid must be based on "household income," which is the sum of the MAGI-based income of every individual included in the individual's household. *See* 42 C.F.R. 435.603(c), (d)(1); 1 Tex. Admin. Code § 366.1105 (HHSC, Methodology). Determination of "household" depends on whether the individual is a taxpayer or a tax dependent. *See* 42 C.F.R. § 435.603(f); 1 Tex. Admin. Code § 366.1107. For a potential Medicaid recipient who is claimed as a tax dependent, as is the case here, the general rule

---

[1] *See* 26 U.S.C. § 36B(d)(2)(B) (defining MAGI).

2

is that "household" is defined as "the household of the taxpayer claiming" the Medicaid recipient. 42 C.F.R. § 435.603(f)(2); *see also* 1 Tex. Admin. Code § 366.1107(c) (HHSC rule specifying same). There are exceptions to this general rule, however, for certain types of tax dependents including, relevant here, tax dependents who are under the age of 19 (or 21 for a full-time student), claimed by one parent as a tax dependent, and living with both parents who do not file jointly. *See* 42 C.F.R. § 435.603(f)(2)(ii); 1 Tex. Admin. Code § 336.1107(d)(2) (HHSC, Determination of Household Composition) (requiring same). The household of a tax dependent who falls under the exception consists of, stated generally, the individual and, if living with the individual, the individual's spouse, children, parents, and siblings. *See* 42 C.F.R. 435.603(f)(2)–(3); *see also* 1 Tex. Admin. Code § 366.1107(e) (HHSC rule requiring same).

With this scheme in mind, we turn to the facts of this appeal.

## Background[2]

In March 2014, Gutierrez filed a request with HHSC for renewal of Medicaid benefits for his daughter. Gutierrez stated in the request that, among other information, his daughter was a "tax dependent" who lived at home and whose mother pays for the daughter's insurance. Regarding himself, Gutierrez indicated on the form that he would not claim any dependents on his next tax return, and he also later offered an unsigned copy of his 2013 1040A tax return showing that he did not claim his daughter as a tax dependent.

---

[2] Gutierrez did not file an appellate brief. Accordingly, we accept as true the facts stated in HHSC's brief. *See* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

HHSC asked Gutierrez to provide additional information regarding his renewal request, including his daughter's home address and the home address, social security number, date of birth, citizenship status, and income of the person who claimed Gutierrez's daughter as a tax dependent. Gutierrez did not provide the requested information; instead, he offered a copy of an "Order Adjudicating Parentage" that—

• appointed the child's mother and Gutierrez as joint managing conservators of the child;

• specified that the child's mother and Gutierrez share in many of the responsibilities in caring for the child, including the right to receive information about the child's health, education and welfare; the right to consult with the child's physician; and the right to manage the estate of the child;

• gave the child's mother "the exclusive right to designate the primary residence of [the child] within El Paso County, Texas";

• gave the child's mother "the right of possession of the child at all other times not specifically designated in the [standard possession order] for Benjamin J. Gutierrez."

HHSC denied Gutierrez's renewal request for failure to provide the requested information regarding the taxpayer claiming his daughter as a dependent.

After this denial, Gutierrez requested a "fair hearing" on his renewal request. *See* 1 Tex. Admin. Code § 357.3(b)(1)(A) (HHSC, Authority and Right to Appeal) (allowing for appeal of benefits or eligibility denial). In briefing related to the hearing, Gutierrez argued that he was a custodial parent of his daughter and that he and his daughter's "household sufficiently meets tax dependent exception" described above—i.e., his daughter is a tax dependent under age 19 who lives with both parents, does not plan to file a joint federal income tax return, and was claimed as a tax dependent by one parent. Gutierrez argued that he is a joint managing conservator and the Texas

4

Family Code gives parents the right to designate their child's residence, *see* Tex. Fam. Code § 151.001(a)(1) (providing that "parent of a child has . . . the right to have physical possession . . . and to designate the residence of the child").

The hearings officer issued an order sustaining HHSC's denial of benefits, concluding that Gutierrez is "not included in the child's MAGI household, does not have a tax relationship with his child, and does not meet the definition of caretaker because he is not the child's custodial parent." Gutierrez requested an administrative review of the hearings officer's decision, *see* 1 Tex. Admin. Code §§ 357.701–.703 (HHSC, Judicial & Administrative Review of Hearings) (authorizing administrative review of hearing officer's decision), after which HHSC affirmed the hearing officer's decision and adopted her findings and conclusions of law, including the following of relevance here:

[FOF] No. 1: Effective January 1, 2014, federally required changes to the Medicaid and the Children's Health Insurance Program . . . requires the state to base household income and composition on federal income tax rules.

. . . .

[FOF] No. 4: Although Appellant is a joint managing conservator, the Divorce Decree provides that the child's mother has the *exclusive right to designate the primary residence* of the child and that the child's mother *has the right of possession of the child at all other times not specifically designated in the Standard Possession Order for Benjamin Gutierrez*, thus, the child's mother is the custodial parent for purposes of Modified Adjusted Gross Income (MAGI).

[FOF] No. 5: Appellant provided a copy of his last income tax return. Appellant did not claim his daughter as a tax dependent on his income tax return.

. . . .

5

[COL] No. 1:  Although the father is a joint managing conservator, the custodial parent, for purposes of the MAGI, is the child's mother based upon the terms of the Divorce Decree and is, therefore, not a part of the MAGI household pursuant to Texas Works Handbook Policy Bulletin Number 14-05.

[COL] No. 2:  Appellant does not have a tax relationship with his daughter . . . .

. . . .

[COL] No.4:  The action taken by [HHSC] on May 14, 2014, to deny Appellant's Children's Medicaid application WAS in accordance with applicable law and policy; therefore, the agency's action is SUSTAINED.

Gutierrez filed suit for judicial review. *See id.* § 357.703(c) (providing for judicial review of adverse decision). Gutierrez's principal challenge to HHSC's order was that HHSC had erroneously concluded that Gutierrez's daughter did not "live" with him—i.e., that he did not have the requisite physical custody of his daughter—for purposes of the household-composition exception. This conclusion was erroneous, Gutierrez argued, because HHSC improperly applied federal law instead of the Texas Family Code in determining the custody question.

After a bench trial on the merits, the trial court issued an order reversing HHSC's order and remanding the case to HHSC. In support of its decision, the trial court found, among other things, that Gutierrez is "a joint managing conservator (custodial parent) of the Child"; "the Child lived with both of her parents"; "the Child's parents did not live in the same household"; and the "Child is claimed as a tax dependent by one of her parents." HHSC appeals.

6

**Discussion**

HHSC raises five issues on appeal that, stated generally, complain about the trial court's failure to apply the appropriate standard of review; the substance of the trial court's findings of facts; and the trial court's misapplication of or failure to apply various state and federal laws. In light of the applicable standard of review[3] and nature of Gutierrez's challenge below, we construe HHSC's issues here to be an assertion that the trial court erred in reversing HHSC's decision because HHSC properly applied federal Medicaid law rather than Texas family law to determine whether Gutierrez's daughter "lives with both parents" for purposes of the household-composition exception and the ultimate MAGI determination. *See* 1 Tex. Admin. Code § 366.1107(d) (excepting from general rule "child who lives with both parents who did not file a joint federal income tax return and was claimed by one parent"). This presents an issue of rule construction, a question of law that we review de novo. *See Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999) (applying statutory construction principles to administrative rules). An agency's interpretation of the statute it administers is entitled to serious consideration so long as it is reasonable and does not conflict with the statute's language. *Id.* at 254; *see also TGS–NOPEC Geophysical Co. v. Combs*,

---

[3] Our review of HHSC's order is governed by section 2001.174 of the Administrative Procedure Act (APA), which provides that we may reverse or remand the case "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are" "in violation of a constitutional or statutory provision"; "in excess of the agency's statutory authority"; "made through unlawful procedure"; "affected by other error of law"; "not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole"; or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Tex. Gov't Code § 2001.174(2); *see id.* § 531.019(g) (providing that judicial review of HHSC decision related to Medicaid is "under the substantial evidence rule").

340 S.W.3d 432, 439 (Tex. 2011) ("If there is vagueness, ambiguity, or room for policy determinations in a statute or regulation, . . . we normally defer to the agency's interpretation unless it is plainly erroneous or inconsistent with the language of the statute, regulation, or rule.").

HHSC construes the "lives with both parents" element of the exception to require that the child physically live with both parents—i.e., that the parents have joint custody. In construing the exception to require some form of physical custody, HHSC relies on federal rule 435.603, which provides that "[f]or the purposes of this section . . . in the event of a shared custody agreement, the custodial parent is the parent with whom the child spends most nights." 42 C.F.R. § 435.603(f)(2)(iii). We also note that the initial question in determining an individual's household is whether that individual is a taxpayer or a tax dependent. *See* 42 C.F.R. § 435.603(f)(2). Specifically, CMMS's Medicaid rules define "tax dependent" with reference to the meaning of "dependent" in sections 151 and 152 of the Internal Revenue Code (IRC). *See id.* § 435.4 ("Tax dependent has the same meaning as the term 'dependent' under section 152 of the [IRC], as an individual for whom another individual claims a deduction for personal exemption under section 151 of the [IRC].)" Similarly, HHSC's rules define "tax dependent" as an "individual who expects to be claimed as a dependent on a federal income tax return." 1 Tex. Admin. Code § 366.1103(16) (HHSC, Definitions). The IRC specifies, in relevant part, that a "dependent" must have "the same principal place of abode as the taxpayer for more than one-half of such a taxable year." *See* 26 U.S.C. § 152(c)(1)(B). In that same provision, the IRC states that for parents who do not file a joint return, the child is the dependent of "the parent with whom the child resided for the longest period of time during the taxable year." *Id.* § 152(c)(4)(B). In sum, the federal IRC provisions and

8

Medicaid rules, on which HHSC's rule are modeled and must comply with for Medicaid purposes, require consideration of physical custody to determine eligibility.

Gutierrez argued below that, as joint managing conservator of his daughter, he has shared "custody" of her under the Texas Family Code and, thus, that his daughter "lives" with him. Gutierrez relies on, among other provisions, the Family Code's definition of "joint managing conservatorship" as "the sharing of the rights and duties of a parent by two parties, ordinarily the parents, even if the exclusive right to make certain decisions may be awarded to one party," Tex. Fam. Code § 101.016, and also on the provision giving a joint managing conservator the right to designate the child's residence, the right to represent the child in a legal action, and the duty to provide medical support, *see id.* § 151.001. He also relies on Texas case law recognizing that a person may have multiple residences. *See, e.g.*, *Snyder v. Pitts*, 241 S.W.2d 136, 138 (Tex. 1951) (cited by Gutierrez for this principle). Assuming without addressing the validity of Gutierrez's assertions here, we note initially that HHSC's rules and benefits decision does not interfere with Gutierrez's parental rights and duties under the Family Code and accompanying case law. Instead, the decision determined that, based on federal regulations governing eligibility of federal Medicaid funds, the composition of the child's household did not meet the federal requirements for the disbursement of Medicaid funds. Further, the Texas Supreme Court has recognized that, with respect to federal funds, federal law may preempt state family law. *See Havlen v. McDougall*, 22 S.W.3d 343, 348 (Tex. 2000) (holding that federal law limited state court's ability to allocate property in divorce).

Based on both the federal regulations and accompanying statutes and on HHSC's own rules, we hold that HHSC reasonably interpreted the exception at issue here to require a consideration of actual physical custody of the child. *See Rodriguez*, 997 S.W.2d at 254.

## Conclusion

We reverse the trial court's judgment and render judgment affirming HHSC's decision.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Field and Bourland

Reversed and Rendered

Filed:   June 14, 2018